# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Foods, Inc.,                              Civil No. 11-941 (SRN/FLN)


       Plaintiff,                               **ORDER**

       v.

National Pasteurized Eggs, Inc.,

       Defendant

---

James W. Poradek & Elizabeth Cowan Wright, Faegre & Benson, LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402, and Jared B. Briant, Faegre & Benson, LLP, 1700 Lincoln Street, Suite 3200, Denver, Colorado 80203, on behalf of Plaintiff

Daniel W. McDonald, Heather J. Kliebenstein & William D. Schultz, Merchant & Gould, PC, 80 South Eighth Street, Suite 3200, Minneapolis, Minnesota 55402, and Aaron T. Olejniczak, Daniel I. Hanrahan & Edward R. Williams, Jr., Andrus, Sceales, Starke & Sawall, LLP, 100 East Wisconsin Avenue, Suite 1100, Milwaukee, Wisconsin 53202, on behalf of Defendant

---

SUSAN RICHARD NELSON, United States District Judge

The above entitled matter came before the undersigned United States District Judge on

Defendant's Motion to Transfer (Doc. No. 8).

## I.      BACKGROUND

Plaintiff Michael Foods, Inc. ("Michael Foods") and Defendant National Pasteurized

Eggs, Inc. ("National") are both in the business of pasteurizing and selling shell eggs.  National

is a Delaware corporation with its principal place of business in Minnesota.  In October 2010,

National filed suit in the United States District Court for the Western District of Wisconsin,

asserting patent and trademark infringement claims against Michael Foods.  In April 2011,

Michael Foods filed suit in this Court, asserting patent infringement claims against National related to certain of its patents, known as the "Vandepopuliere patents." In lieu of answering the Complaint, National filed the instant motion to transfer.

Michael Foods initially opposed Defendant's motion, but has since withdrawn its opposition. (<u>See</u> Letter of 7/25/11 from J. Poradek to Judge Nelson [Doc. No. 41] at 1.) Michael Foods explains that at a recent court appearance before Chief Judge Conley in the Wisconsin action, Chief Judge Conley indicated that certain efficiencies could be gained by transferring the Minnesota action to the Western District of Wisconsin, that he would be willing to take on the transferred action, and that he saw the potential to consolidate the claims. Michael Foods thus contends that it does not wish to expend additional judicial resources on the issue of where to litigate these cases. (<u>Id.</u>)

## II.    DISCUSSION

Although Defendant's motion is now unopposed, the Court must still determine whether transfer is appropriate. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. <u>See</u> <u>Terra Int'l, Inc. v. Miss. Chem. Corp.</u>, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case by case evaluation of the particular circumstances at hand and a consideration of all relevant factors." <u>Id.</u> The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." <u>Graff v. Qwest Commc'ns Corp.</u>, 33 F. Supp. 2d 1117, 1121 (D. Minn.

1999) (quotation omitted).

The Court first concludes that this action "might have been brought" in the Western District of Wisconsin.  28 U.S.C. § 1404(a).  An action may be brought in any district where a "substantial part of the events or omissions giving rise to the claim occurred,"  28 U.S.C. § 1391(a)(2), or where "any defendant is subject to personal jurisdiction," 28 U.S.C. § 1391(a)(3). With regard to a patent infringement claim, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  A corporate defendant "resides" wherever it is subject to personal jurisdiction at the time a suit is commenced.  28 U.S.C. § 1391(c).  Because National Foods sells in-shell pasteurized shell eggs in Wisconsin – one activity upon which Michael Foods' infringement claims are based  – the defendant allegedly committed acts of infringement in Wisconsin.  Moreover, National Foods agrees that it submits to personal jurisdiction in Wisconsin based on the sale of its eggs in that forum.  (Nat'l Foods Mem. Supp. Mot. Transfer at 9 [Doc. No. 11].)

As to the convenience of the parties and witnesses, "The logical starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff and the proposed transferee district." Birmingham Fire Ins. Co. of Pa. v. Up North Plastics Inc., 04-CV-21, 2004 WL 838169, at *2 (D. Minn. Apr. 19, 2004) (citing 17 Moore's Federal Practice § 111.13[1][e][i]).  Deference is typically given to the plaintiff's choice of forum, particularly if the plaintiff resides in the district in which the case is

venued.[1]  Graff, 33 F. Supp.2d at 1121.   In a patent infringement context, other courts have considered the connection between the claims and the chosen forum, and if there is little connection between the claims and the forum, the convenience factor may weigh in favor of transferring to a venue with more substantial contacts.  See Lycos, 499 F. Supp.2d at 692. Here, Michael Foods alleges that National ships its eggs, produced by the allegedly infringing methodology, into Minnesota, where they are sold at Hy-Vee grocery stores in this state.  (See Compl. ¶ 5.)  National asserts the same jurisdictional allegations against Michael Foods with respect to the Wisconsin litigation.  (Wisc. Compl. ¶ 13 [Ex. B to Kliebenstein Decl.].)  The relationship between the underlying claims and the respective forums is essentially the same and does not weigh in favor of either forum.

The Court also considers the convenience of the witnesses.  Considerations relevant to this factor include the number of essential nonparty witnesses, their location, and the preference for live testimony.  Graff, 33 F.Supp.2d at 1121.  The inconvenience to non-party witnesses is of particular concern, because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." Advanced Logistics Consulting, Inc. v. C. Enyeart LLC, 09-CV-720 (RHK/JJG), 2009 WL 1684428, at *5 (D. Minn. June 16, 2009) (citing FUL Inc. v. Unified Sch. Dist. No. 204, 839 F.Supp. 1307, 1311 (N.D.Ill.1993)).  The Court must focus on the importance and materiality of the anticipated testimony and determine whether the forum is convenient for the witnesses.  Graff, 33 F.Supp.2d

---

[1]  Courts have also addressed this factor – the plaintiff's choice of forum – when considering the "interests of justice" factor.  See Terra Int'l, 119 F.3d at 696; see also, Lycos v. Tivo, Inc., 499 F. Supp.2d 685, 692 (E.D. Va. 2007) ("In balancing the convenience and justice factors, courts generally give 'substantial weight' to the plaintiff's choice of forum.") (citation omitted).

at 1122.   Certain of Michael Foods' inventor witnesses live closer to Madison, Wisconsin,

where the courthouse for the Western District of Wisconsin is located, than to St. Paul, the

location of the undersigned's chambers in the District of Minnesota.  On the other hand, Michael

Foods contends that its witnesses reside either in Minnesota, or in Nebraska.   For those

witnesses, Minnesota is a more convenient forum than Wisconsin.

Each party is inconvenienced by the other's choice of forum, although it appears that

Michael Foods has identified witnesses who currently reside in the Minnesota forum, whereas

National has not identified witnesses who reside in Wisconsin.  To the extent that the

convenience of the parties is inconclusive or a "tie," the plaintiff's choice of forum is to be given

deference.  Novartis Seeds Inc. v. Pioneer Hi-Bred Int'l, Inc., 97-CV-170 (JRT/RLE) 1997 WL

852110 (D. Minn. June 26, 1997).  This factor would normally tilt slightly in favor of retaining

this action in Minnesota, although Michael Foods no longer opposes transferring venue to

Wisconsin.

### B.        Interests of Justice

The Court must also evaluate which venue will best promote the interest of justice.

Graff, 33 F. Supp. 2d at 1122.  This factor is weighed "very heavily," id., and may be the

decisive factor in a particular case, "even if the convenience of the parties and witnesses might

call for a different result." Product Fabricators, Inc. v. CIT Commc'ns Fin. Corp., 06-CV-537,

2006 WL 2085413, at *3 (D. Minn. June 25, 2006) (citing Coffey v. Van Dorn Iron Works, 796

F.2d 217, 220-21 (7th Cir.1986)).   The relevant considerations include judicial economy, the

plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial,

choice-of-law issues, the advantages of having a local court determine questions of local law, see

Terra Int'l, 119 F.3d at 696, and each party's ability to enforce a judgment, Swedberg. v. Marotzke, 00-CV-2421 (DWF/RLE), 2004 WL 831136, at *6 (D. Minn. Apr. 15, 2004) (citing Graff, 33 F. Supp.2d at 1122).[2]

National contends that interests of judicial economy and efficiency warrant transfer of this action to Wisconsin, primarily due to a serious risk of inconsistent decisions if the two proceedings go forward in both venues.   Typically, when courts give deference to the first forum in which a patent suit was filed, one forum involves a declaratory judgment action regarding a particular patent, and the other case involves an infringement action concerning the same patent. See, e.g., Mann Design, LTD. v. Bounce, Inc., 138 F. Supp.2d 1174, 1178 (D. Minn. 2001) (dismissing complaint alleging declaratory judgment action based on two patents because suit in Colorado was the "first filed" with respect to those patents).

Here, while the same patents are not in dispute, National has recently sought to add declaratory judgment claims in Wisconsin that mirror the claims in this case.  If the motion to amend is granted, Michael Foods concedes that there is the potential for inconsistent results. Moreover, as National contends, there is the general potential for overlapping technology, parties, witnesses and issues. According to Michael Foods' representations, Chief Judge Conley believes that efficiencies may result in having the infringement cases adjudicated by the same court, and that if the Minnesota case is transferred, he would potentially consolidate the two cases.

Taking all of these factors into consideration, this Court concludes that the interest of

---

[2]  As to considerations of choice of law and having a local forum determine local law, these issues are generally not relevant here, because this case arises under federal patent law. Both this Court and the Wisconsin court are equally capable of applying federal patent law.

justice strongly favors the transfer of this action to the Western District of Wisconsin.

**THEREFORE, IT IS HEREBY ORDERED that:**

1.      Defendant's Motion to Transfer (Doc. No. 8) is **GRANTED**;

2.      This action is transferred to the United States Court for the Western District of Wisconsin; and

3.      The Clerk of Court is directed to effect the transfer.

Dated: July 26, 2011

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge